KINLEY ROGERS
v.
TERRY L. TERRELL, WARDEN, & JENNIFER ALLEMAND, PROGRAMS MANAGER AT ALLEN CORRECTIONAL CENTER.
No. 2009 CA 0848.
Court of Appeals of Louisiana, First Circuit.
October 27, 2009.
Not Designated for Publication
KINLEY ROGERS, Plaintiff/Appellant In Proper Person.
JONATHAN R. VINING, Counsel for Defendant/Appellee James LeBlanc, as Secretary of the Louisiana Department of Public Safety and Corrections.
Before: DOWNING, GAIDRY and McCLENDON, JJ.
McCLENDON, J.
Kinley Rogers, a prisoner in the custody of the Louisiana Department of Public Safety and Corrections (Department), filed a petition for judicial review in accordance with the Corrections Administrative Remedy Procedure (CARP), LSR.S. 15:1171-1179, on August 26, 2008, requesting that the court declare LSR.S. 15:308 and 15:574.22 unconstitutional. Rogers claims that the statutes require him to file an application with the Risk Review Panel for consideration prior to accessing the courts, and this exhaustion of a non-operative remedy denies him his constitutionally protected right of access to the courts.
In screening the petition, the Commissioner recommended that the court dismiss Rogers' administrative appeal with prejudice, finding that Rogers stated no factual or legal basis that would warrant a finding that his constitutional rights had been violated. The Commissioner further found that the final decision of the Department was not arbitrary, capricious, or manifestly erroneous. The district court dismissed Rogers' petition with prejudice, and this appeal followed.
In 2001, the Louisiana legislature passed legislation providing for more lenient penalty provisions of certain enumerated crimes. Act 403, effective on June 15, 2001, also enacted LSA-R.S. 15:574.22, establishing the Risk Review Panel within the Department to "evaluate the risk of danger" certain convicted individuals would pose to society if released from confinement and, in its discretion, to make recommendations to the parole and pardon boards. Weaver v. LeBlanc, 09-0244, p. 2 (La.App. 1 Cir. 9/14/09), ___ So.3d ___. Act No. 45 of the 2002 First Extraordinary Session of the legislature revised errors in penalty provisions for certain statutes that were amended by Act No. 403 in 2001.
In 2006, the legislature enacted LSA-R.S. 15:308, which made the previous sentence reductions in Act 403 of 2001 and Act 45 of 2002 retroactively applicable to those inmates sentenced prior to 2001. It also required that anyone whose sentence would have been ameliorated by the amended sentences could apply to the Risk Review Panel in accordance with LSA-R.S. 15:574.22. Id.
Initially, many inmates, lawyers, and some courts thought the procedure for ameliorative relief was available from the sentencing court, as well as the Risk Review Panel. Id. However, in State v. Dick, 06-2223, 06-2226, pp. 13-14 (La. 1/26/07), 951 So.2d 124, 133, the supreme court held that the power to reduce punishment from a greater to a lesser sentence belongs to the executive branch alone. Offenders seeking retroactive application of the ameliorative penalty provisions must seek this relief in the executive branch; they are entitled to apply to the Louisiana Risk Review Panel, which is in the executive branch. "In enacting this statute, the legislature is suggesting to the executive branch that it should consider these ameliorative sentencing provisions when reviewing the offenders' applications to the Louisiana Risk Review Panel, the Board of Pardons and/or the Board of Parole." State v. Dick, 06-2223, 06-2226 at p. 14, 951 So.2d at 133; Weaver, 09-0244 at p. 2, ___ So.3d at ___.
In this matter, Rogers applied to the Risk Review Panel in March 2007, seeking a recommendation of early release by parole or pardon. After waiting nine months, Rogers began the administrative remedy procedure on January 18, 2008. He complained that as of the filing date there had been no acknowledgment of receipt or final disposition of his application for Risk Review consideration. The Department denied Rogers relief, stating that it received Rogers's application, that scheduling of Risk Review Panels had been delayed, and that it would notify him once he was scheduled for a docket. After exhausting CARP, Rogers filed his petition for judicial review asserting that the Risk Review Panel was a nonfunctional remedy denying him access to the courts.
Upon review, the Commissioner found that the Department answered Rogers's questions about his application to the Risk Review Panel. Thus, the only remaining issue for consideration was Rogers's claim of the unconstitutionality of LSA-R.S. 15:308 and 15:574.22. The Commissioner concluded that the statutes do not infringe on a prisoner's right to access the courts, finding that there is no guaranteed right of access to the courts to obtain the ameliorative effects of the sentence reduction statutes. See State v. Dick, 06-2223, 06-2226 at p. 14, 951 So.2d at 133.
After a careful review of the record, finding no error of fact or in law, and for the fully detailed reasons set forth in the Commissioner's Report, we affirm the judgment of the district court in accordance with URCA Rule 2-16.1B. Appeal costs are assessed against Kinley Rogers.
AFFIRMED.